## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **FLOYD C. MITCHELL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **v.** | : | **NO. 1:05-CV-2945-AJB** |
| | : | |
| **MICHAEL J. ASTRUE,**[1] | : | |
| *Commissioner of Social* | : | |
| *Security,* | : | |
| | : | |
| **Defendant.** | : | |

### OPINION AND ORDER[2]

Currently before the Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") and the Social Security Act.  [Doc. 28].  For the reasons set forth herein, the Court **GRANTS** Plaintiff's motion for attorney fees under the EAJA for counsel John H. Bedford and Sarah H. Bohr for the amount set forth below.

---

[1]     On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security.  *See* Social Security Online, http://www.ssa.gov, (last visited Aug. 9, 2007). Under the Federal Rules of Civil Procedure, Astrue "is automatically substituted as a party."  FED. R. CIV. P. 25(d)(1).

[2]     The parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73.  [Docs. 18-19].

### Introduction

Plaintiff Floyd C. Mitchell brought an action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his application for Disability Insurance Benefits under the Social Security Act on October 27, 2005. [Doc. 1]. On April 9, 2007, the Commissioner filed a consent motion for entry of judgment with a reversal and remand of the case to the Commissioner under sentence four of 42 U.S.C. § 405(g). [Doc. 24]. The undersigned granted the consent motion, [Doc. 25], and the Clerk entered judgment for Plaintiff on April 10, 2007. [Doc. 26]. On June 26, 2007, Plaintiff's counsel filed a motion for attorney's fees under the EAJA and the Social Security Act, [Doc. 28], and the Commissioner responded on July 13, 2007. [Doc. 29]. With briefing complete, the Court turns to the fee petition.

### Attorney's Fee under the EAJA

Under the EAJA, "[a] party seeking an award for fees incurred in  . . . a civil action . . . is entitled to fees provided that 1) it is the prevailing party; 2) its application for fees is timely; 3) the position of the government was not substantially justified; and 4) no special circumstances make an award unjust." *Pollgreen v. Morris*, 911 F.2d 527,

AO 72A
(Rev.8/82)

532 (11th Cir. 1990) (citing *Canady v. Sullivan,* 893 F.2d 1241, 1243 (11th Cir. 1990)).[3]

"The district court also should exclude from this initial fee calculation hours that were

not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quoting

S.Rep. No. 94-1011, p. 6 (1976)).   Thus, hours that are "excessive, redundant, or

otherwise unnecessary" should be disallowed. *Miller v. Kenworth of Dothan, Inc.*,

117 F. Supp. 2d 1247, 1255 (M.D. Ala. 2000) (quoting *Hensley*, 461 U.S. at 434).

### *Contentions of the Parties*

Plaintiff asserts he has satisfied the criteria for an award under the EAJA and

requests $5,540.84 in fees plus $19.25 in expenses for attorneys John H. Bedford and

Sarah H. Bohr.  [*See* Doc. 28 at 1].  The Commissioner does not dispute that Plaintiff

is entitled to attorneys' fees and expenses under the EAJA.  The Commissioner argues,

however, that the total number of attorney hours itemized by Plaintiff is unreasonable

---

[3]      The EAJA provides, in relevant part, that:

a court shall award to a prevailing party . . . fees and other expenses
. . . incurred by that party in any civil action . . . including proceedings for
judicial review of agency action, brought by or against the United States
in any court having jurisdiction of that action, unless the court finds that
the position of the United States was substantially justified or that special
circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

AO 72A
(Rev.8/82)

and that the requested fees should be reduced accordingly.

***Discussion***

1.  The Commissioner first contends that the Court should disallow 1.5 hours itemized by Bedford for attorney services performed prior to filing Plaintiff's civil action on October 27, 2005.  The Commissioner argues that because the United States is not represented by counsel in the initial administrative proceedings, a claimant is not entitled to fees under the EAJA for work performed prior to the initiation of the civil action because the administrative proceedings are not adversarial in nature.

Plaintiff responds that Bedford's declaration erroneously listed the year in which the work was performed and that the 1.5 hours to which the Commissioner objects was actually performed after the filing of the complaint.

The Corrected Declaration of John H. Bedford reflects that all work was performed in 2006, well after Plaintiff filed his complaint on October 27, 2005. [*See* Doc. 1].  The only objection the Commissioner raised as to this request in connection with Bedford's claim for compensation as to this 1.5 hours of work is that it occurred prior to the filing of Plaintiff's complaint.  Accordingly, the objection is overruled.

4

2.  The Commissioner next contends that the 1.75 hours spent by Bedford to "study answer and transcript of hearing" on December 23, 2006, is excessive and should be reduced.  The Commissioner argues that it filed a routine answer and, therefore, Bedford should not have required more than .75 of an hour to read the answer and the approximately 100 page transcript.  The Commissioner further argues that Bedford did not prepare the substantive brief in this case and, thus, his purpose for studying the hearing transcript is unclear.

Plaintiff responds that the Eleventh Circuit has found that the collaboration of attorneys is reasonable and that fees should not be reduced for this reason alone.

Plaintiff is correct that "a fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple lawyer litigation." *ACLU v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999). Bedford is lead attorney in this case.   As the lead attorney, it is not unreasonable that he review the answer and hearing transcript in order to familiarize himself with the proceedings and instruct Bohr regarding issues to address in the brief. Thus, the Court declines to deny the 1.75 hours sought by Bedford for review of the answer and transcript on the grounds that the work is redundant.  *See id.*; *George v.*

*GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1291 (M.D. Fla. 2000) (fees for work by multiple attorneys allowed when fee applicant demonstrates contribution to case).

Fees still may be disallowed on the grounds that the time spent on the task was unnecessary. *See Hensley*, 461 U.S. at 434. The Commissioner did, indeed, file a simple answer in this case, consisting of two pages - essentially five sentences - excluding the certificates of service. [Doc. 14]. Review of this document would not have required much time. The transcript consisted of approximately one hundred pages, however. The Court finds that review of both the answer and transcript could reasonably require 1.75 hours to accomplish competently. Bedford may be compensated for the 1.75 hours of time spent on these tasks. The Commissioner's objection ins overruled.

3. The Commissioner next argues that Bohr's request to be compensated for three hours of attorney services for preparing the EAJA fee petition is excessive. He contends that Bohr is a highly experienced Social Security attorney, and required only one hour to prepare the fee petition in a more complex proceeding, *Humphrey v. Astrue*, No. 6:06-CV-879-DAB (M.D. Fla.). The Commissioner argues that in light of the fact that Bohr required only one hour to prepare the *Humphrey* fee petition, she should be compensated for no more than one hour in the instant action.

6

Plaintiff responds that the fee petition in *Humphrey* was filed as a consent petition and did not require a supporting memorandum of law, such as the one prepared in this case.  Plaintiff explains that while the petition itself only required one hour to prepare, Bohr took two hours to prepare the supporting memorandum, which included researching the legal issue of whether counsel could be compensated for the 5.75 hours spent prior to filing the Notice of Appearance.  Finally, Plaintiff argues that 3.0 hours claimed by Bohr is in line with the amount of time awarded by other courts for similar work and, as such, is reasonable.

The undersigned finds that 3.0 hours spent on preparing a contested fee petition and supporting memorandum is reasonable and in line with amounts allowed by other courts.  *See Spruil v. Bowen*, 691 F. Supp. 302, 307 (M.D. Fla. 1988) ("a fully developed application in a social security case requires no more than 3 to 4 hours"); *Volpe v. Heckler,* 610 F. Supp. 144, 147 (S.D. Fla. 1985) (three hours to prepare fee petition); *see also White v. Barnhart*, No. 05-2856, 2006 WL 2433835, at *7 (E.D. Pa. August 18, 2006) (three hours); *Lee v. Sullivan*, 723 F. Supp. 92, 96 (E.D. Wis. 1989) (five hours).  The undersigned, therefore, allows the 3.0 hours claimed by Bohr. The Commissioner's objection is overruled.

7

4.  Finally, Plaintiff requests additional compensation for the 2.0 hours spent by Bohr researching and preparing the reply brief. [Doc. 30].  Fees may be awarded for time spent on an EAJA reply brief.  *See Lumpkin v. Barnhart*, Civil Action No. 05-0523-KD-M, 2006 WL 4610541, at *4 (S.D. Ala. Dec. 7, 2006); *Elkhatib v. Butler*, No. 04-CV-224407, 2006 WL 2333566, *2 (S.D. Fla. Mar. 24, 2006).

The Court notes, however, that of the three objections raised by the Commissioner, one occurred due to Bedford's error in his declaration as to the two entries listed as occurring in 2005.  Plaintiff's reply brief addresses four issues: the three objections by the Commissioner and the request for supplemental fees.  The Court finds that the fairest approach is to reduce Bohr's hours by one-fourth; the Commissioner should not be charged for time Plaintiff spent correcting his own error. Bohr, therefore, may be compensated for 1.5 hours for time spent preparing the reply brief.

For the reasons set out above, Bedford's attorney fee application is approved in the amount of $1,518.26, and Bohr's attorney fee application is approved in the amount of $3,940.15.  Bedford also seeks reimbursement of $19.75 for postage and Federal

8

Express charges.  The Commissioner does not object to an award of these expenses.[4]

*Conclusion*

Plaintiff's Motion for Attorney Fees, [Doc. 28], is **GRANTED IN PART** but reduced as set out above.  The Commissioner is **ORDERED** to pay attorney Bedford **$1,518.26** in fees and **$19.75** in expenses and attorney Bohr **$3,940.15** in fees.

**IT IS SO ORDERED**, this the 9th day of August, 2007.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]      In the brief, Bedford also seeks expenses for $24.75 but does not explain what this is expense is for and it does not appear in his declaration.  Plaintiff has clarified in his reply brief, however, that he only seeks $19.75 in expenses. [*See* Doc. 30 at 9 n.3].  Moreover, the brief but not the declaration also asserts that the filing fee is compensable under the EAJA.  Plaintiff proceeded *in forma pauperis* in this case, however, and did not pay the filing fee.  Plaintiff also clarifies that no filing fee was paid in this case.  *Id.*

AO 72A
(Rev.8/82)